Filed 8/31/20  P. v. M.T. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>JAIME M.T.,<br><br>       Defendant and Appellant. | A159364<br><br>(Napa County<br>Super. Ct. No. 201635317-05) |

After a contested hearing on jurisdiction, the juvenile court found Jaime M.T. (Minor) committed two misdemeanors (one reduced to an infraction), declared Minor a ward of the court, and placed him on probation.

Minor filed a notice of appeal stating that he is appealing from the juvenile court's orders regarding (1) his motion to suppress evidence, (2) the People's motion to reconsider the court's amended decision on the suppression motion, (3) his motion to continue the jurisdictional hearing, (4) jurisdictional findings, and (5) disposition.

Minor's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Minor was informed of his right to file supplemental briefing, and he has not done so.  After our review of counsel's brief and our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

1

*Incidents Leading to Petition*

Minor's case stems from two separate bicycle stops that occurred when he was 17 years old.

On August 29, 2018, around 7:20 p.m., Minor was riding his bicycle when three city of Napa police officers stopped him for not wearing a helmet. Officer Thomas Keener pat searched Minor, felt something squishy in a pants pocket, and asked what it was. Minor indicated it was marijuana, and Keener pulled marijuana out of Minor's pocket. Keener had Minor sit on the curb and then asked him to stick his legs out and cross them. Minor did not comply, and Keener put him in handcuffs and took him to Juvenile Hall for booking.

On October 26, 2018, around 9:25 p.m., Officer Andrew Oros stopped Minor for not wearing a helmet and not having proper lighting equipment. During this bicycle stop, Oros saw what looked like a bottle in Minor's backpack. He asked about it, and Minor said it was a bottle of tequila. The officer searched Minor's backpack and retrieved a large bottle of tequila about one-quarter full.

*Wardship Petition*

On January 25, 2019, the Napa County District Attorney filed an initial two-count wardship petition under Welfare and Institutions Code[1] section 602 alleging Minor resisted, obstructed, or delayed Napa Police Officer Thomas Keener who was then attempting to discharge his duties (Pen. Code, § 148, subd. (a)(1); count 1) and, on a second occasion, possessed an alcoholic beverage on a street in a public space (Bus. & Prof. Code,

_____

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

2

§ 25662, subd. (a); count 2).  Minor was not charged with a marijuana-related offense.

*Motion to Suppress*

On March 22, 2019, defense counsel filed a motion to suppress with respect to the bicycle stop of August 29, 2018 (August bicycle stop), only.  The motion sought suppression of (1) all physical evidence obtained "during the illegal detention, arrest and/or search," (2) all statements made by Minor "prior to, contemporaneous with, or subsequent to the illegal detention, arrest and/or search," and (3) all observations by law enforcement "during the illegal detention, arrest and/or search."  It was argued that there was no reasonable suspicion to justify the detention, and Minor's "arrest and information obtained in connection with the arrest concerning [Minor] must be suppressed."

On May 7, 2019, the court held a hearing on the motion to suppress. Two of the three officers involved in the August bicycle stop testified.

Officer Kevin Skillings testified he was on patrol with Sergeant Dalessi and Detective Keener when they saw Minor riding his bicycle with no helmet. Skillings recognized Minor from a previous contact, during which no report was taken but Minor had a knife on his person.  In the current bicycle stop, Skillings said to Minor, "I know you had a knife before."

Keener testified he had at least three contacts with Minor before the August bicycle stop.  In one of those contacts (which occurred within the previous six months of the instant contact), Minor had a knife.  When Skillings asked Minor if he had any weapons (during the August bicycle stop), Minor would not answer.

Keener testified that he and Dalessi (apparently in a different prior contact) once found Minor in possession of methamphetamine for sale;

3

Keener testified that he knew from experience that persons involved in drug sales commonly possess weapons. In this prior contact, Minor was also found with gang-related writing in a notebook.

Keener conducted a pat search of Minor for weapons. He testified he believed Minor might be armed because of his prior experiences with Minor and because Minor was wearing a tee shirt covering his waistband, which made it difficult to discern if he had a weapon, and "his initial lack of cooperation for such a minor violation."

During the pat search, Keener felt a squishy object in Minor's left pants pocket. He asked what it was, and Minor said it was weed. Keener reached in the pocket and retrieved the item. Keener testified it contained approximately .6 grams of marijuana.

Keener had Minor sit on the curb while the officers wrote a citation. The citation was for riding without a helmet and possession of marijuana. Keener testified these were not arrestable offenses; they were infractions. Minor would not provide identifying information (such as address and date of birth) needed to fill out the citation.

Several times while he was sitting on the curb, Minor used his hands to push himself up, appearing to try to stand up. Keener testified he became concerned Minor might try to flee or assault one of the officers, so he told Minor to stick his feet out and cross them. Minor did not comply and responded, "fuck you." Keener told Minor again to stick out his feet and cross them, and again he responded with "fuck you" and did not comply. Keener went to grab Minor's right wrist to place him in handcuffs and place him under arrested for "148 P.C., resisting, obstructing and delaying." Minor pulled forcefully away from him. Keener then placed Minor on the ground and handcuffed him.

4

On August 12, 2019, the juvenile court denied the suppression motion in full.[2] A readiness conference and contested hearing on jurisdiction were scheduled for the next month.

*Contested Jurisdictional Hearing*

At two subsequent readiness conferences, the court granted the prosecution's requests for continuances due to the unavailability of an officer witness.

At the readiness hearing on October 28, 2019, the court and counsel confirmed the contested hearing on jurisdiction scheduled for the next day, estimated to last one hour.

On October 29, 2019, the jurisdictional hearing went forward. Minor's counsel stated she was making an oral motion to suppress evidence found during the October 26, 2018, bicycle stop (October bicycle stop). She had notified the court and the prosecutor that morning by email asking for the motion to be heard concurrently with the contested hearing or for a continuance. Minor's counsel explained that she had just realized in

---

[2] Initially, after hearing the officers' testimony and argument of counsel, the juvenile court *denied* the motion to suppress on May 7, 2019. On May 28, however, the court issued an amended decision on the suppression motion, *granting* the motion to suppress as to the marijuana but denying the motion as to observations that led to the charge of resisting an officer. In the amended order, the court found that, although the initial detention and pat down were lawful, "Keener's discovery of marijuana in [Minor]'s pocket was the result of a search that exceeded that permitted by law and therefore the marijuana should be suppressed."

The prosecution filed a motion for reconsideration of the amended order, and after further briefing and argument, the court ruled on August 12, that it would *not* suppress the marijuana. Its ruling was based on the inevitable discovery doctrine, the court reasoning that the officers lawfully arrested Minor for the offense of resisting or delaying an officer, and they could have found the marijuana in a lawful search incident to arrest.

preparing for the hearing that there was a second incident (the October bicycle stop) that was separate from the August bicycle stop, which had been extensively litigated.

The prosecutor agreed to have the suppression motion on the October bicycle stop and the contest heard at the same time.

In addition, Minor's counsel raised an oral motion in limine seeking to prevent Officer Keener from testifying about a prior contact with Minor during which the officer believed Minor possessed drugs for sale. She stated that the record regarding the prior incident had been sealed by the court. Minor's counsel also explained that she intended to reargue the issue whether the pat down during the August bicycle stop was lawful.

The court ruled that if counsel stipulated that the initial stop and pat down during the August bicycle stop were legal, then the prior incident would not be relevant, and the court would exclude it. But if Minor's counsel intended to reargue the validity of the stop and pat down, then evidence of the prior incident would be relevant to whether the officers had reasonable suspicion, and the court would allow evidence of the prior incident.

Minor's counsel then asked whether she could cross-examine the officers on the fact that a motion to suppress had been granted regarding the prior incident. The prosecutor objected because he knew nothing about the prior case, and there had been no discovery on the issue. The court agreed with the prosecutor that it would be inappropriate for Minor's counsel to use facts from the sealed case under the circumstances. The court suggested Minor might need to make a motion to unseal the prior case if he intended to use it to impeach the officer.

Minor's counsel then stated, "[G]iven that ruling I would be making a motion to continue, file a motion to unseal, potentially I need to discuss this

with my client if he truly wants this unsealed so that I could provide the court and counsel with discovery." The court denied the request for a continuance, noting the parties had "been here multiple times." The court observed Minor could testify about the circumstances of the search in the prior case, but Minor's counsel could not refer to a suppression motion in a sealed file.

Officers Oros and Keener then testified. Following their testimony, Minor's counsel asked the court to suppress the evidence obtained in the October bicycle stop arguing Oros's conduct was an illegal search. The court denied the motion, finding that when Oros asked what was in Minor's backpack, "he was conducting an investigation and had the ability to ask [Minor] questions."

Minor's counsel also argued that part of Keener's pat search and detention was unlawful and "that transforms the entire contact into an unlawful prolonged detention" including "subsequently where [Minor] conducts acts of resistance." The court denied the renewed suppression motion.

Minor moved to dismiss the petition under section 701.1, and the court denied the motion. The court then found the allegations of counts 1 and 2 true. The court reduced count 2 to an infraction at Minor's request.

*Disposition*

On December 4, 2019, at the hearing on disposition, the court placed Minor on probation. Minor's counsel objected to the gang terms of probation stating that, while Minor admits he associates with gang members, he denies being a gang member. The court found the information in the probation report about gang drawings and tattoos and Minor's association with gang members was sufficient to warrant the gang terms. Minor was also ordered

to pay a restitution fine of $50 and another fine of $50 pursuant to section 730.5.

We have reviewed the record on appeal in its entirety and conclude that there are no meritorious issues to be argued.

We see no error in the juvenile court's jurisdictional findings or disposition. No ruling by the juvenile court on evidentiary issues amounted to an abuse of discretion or legal error.

We have reviewed the record on appeal for any arguable issues. We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Kline, P.J.


_____
Richman, J.




A159364, *People v. Jaime M.T.*


9